IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41293
Conference Calendar
_____

ANTHONY K. CHAPMAN,

                                        Plaintiff-Appellant,

versus

S. CLETHA; T. PRASIFKA, Warden; W. HODGE; T. SIMPSON;
OWENS; HANEY, Ms.; CLARK, Ms.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CV-43
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Anthony K. Chapman, Texas prisoner # 643058, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for
failure to state a claim.  He argues that the district court
erred in dismissing his claim that he was the subject of false
disciplinary charges, which he complains resulted in a change of
his line class status, thus affecting the rate at which he can
earn good-time credits.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). Chapman does not argue that he lost previously earned good-time credits as a result of the disciplinary proceedings. He complains about only his change in line class and good-time earning status. A prisoner, however, does not have a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Chapman therefore cannot obtain 42 U.S.C. § 1983 relief. See San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991) (to bring a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must first identify a protected liberty interest).

To the extent that Chapman's brief can be construed to raise the issue whether his time served has been correctly computed, that issue is not cognizable in a 42 U.S.C. § 1983 action because it challenges the duration of his confinement, and it should therefore be raised in a petition for habeas corpus. See Malchi, 211 F.3d at 958 (a federal habeas action is the vehicle available to challenge the fact or duration of confinement).

Chapman's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215,

219-20 (5th Cir. 1983). The district court's dismissal of Chapman's complaint for failure to state a claim and the dismissal of this appeal as frivolous count as two "strikes" for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Chapman has also had a second civil rights suit dismissed as frivolous. See Chapman v. Daucer, No. 96-CV-594 (E.D. Tex. Nov. 22, 1996). Chapman has thus accumulated three "strikes" under 28 U.S.C. § 1915(g). He is BARRED from bringing any civil action or appeal in forma pauperis while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.